# District Court of the Navajo Nation
## Judicial District of Window Rock

**Allan Begay,** *et al.*, **Plaintiffs,**

*vs.*

**Penny Karty and Larry Lee,** **Defendants.**

Decided August 24, 1987

## OPINION

*Before Robert Yazzie, District Court Judge.*

*Lawrence Ruzow, Esq. and Allen Sloan, Esq., Window Rock, Arizona for the Plaintiffs; Damon L. Weems, Esq., Farmington, New Mexico for the Defendants.*

*Opinion delivered by Yazzie, District Court Judge.*

### I. Parties

1. Allan Begay, C#70611, and Delores Begay, C#56714, are enrolled members of the Navajo Nation residing at Window Rock.

2. Allan Begay and Delores Begay are husband and wife, having been married on March 25, 1985, and are the parents and natural guardians of Brian Begay, DOB: January 08, 1983, a minor.

3. Larry Lee is a resident of Circle Drive, House 2005, Window Rock.

4. Penny L. Karty is a resident of Window Rock, (Post Office Box 2358, Window Rock, Arizona.)

### II. Nature of the Proceedings

1. Plaintiffs sued defendants for a tort cause of action arising from an automobile accident; seeking recovery for personal and property damages.

2. The matter came for a jury trial on December 1–3, 1986, and the jury found defendants not liable, thus awarding no damages. (See special jury verdict.)

3. Plaintiffs then filed a motion for Judgment Notwithstanding the Verdict or in the alternative, a new trial.

## III. Statement of Facts

1. This action arises out of a two car accident, which took place on the morning of August 26, 1985, in Window Rock, Arizona, on Navajo Route 12 at the entry into the St. Michaels Subdivision.

2. The accident took place when Larry Lee attempted to turn left from Navajo Route 12 into the St. Michaels subdivision and hit the southbound vehicle driven by Allan Begay.

3. At the hearing on this matter, defendant Larry Lee admitted that after the accident, he told investigating Officer Jeff Johnson of the NDPS that the accident was his fault. His statement was corroborated by the testimony of Officer Jeff Johnson.

4. In addition, Larry Lee admitted receiving a traffic citation for violation of 14 N.T.C. 462, "Failure to exercise due care upon a roadway," arising from the accident.

5. Larry Lee pled guilty to the charge and paid a fine of $50.00. (Plaintiff's Exhibit 2, Testimony of Larry Lee). Even in the face of such admission, the jury found Larry Lee not liable for the August 26, 1985 accident.

6. At the time of the accident (August 26, 1985), plaintiff Allan Begay was traveling to work with his wife, Delores Begay and their 2 year old child, Brian Begay.

7. Plaintiffs testified that their vehicle was in fine shape before the accident, but severely damaged by the accident. (Plaintiff's photograph, Exhibit 3.)

8. Delores Begay testified that she was thrown into the steering wheel by the force of the collision. Brian Begay was thrown into the ignition key (which was in the ignition switch) by the force of the collision.

9. As a result of the accident, Allan Begay and his family had several Navajo blessing ceremonies performed on them for protection purposes.

10. At the time of the accident, Larry Lee was driving a 1982 Chevy Pickup owned by Penny L. Karty with whom he lived.

11. Evidence also shows that Larry Lee was a member of Penny L. Karty's household at the time of the accident. He was operating the vehicle on household business.

## IV. Opinion

At the conclusion of the December 3, 1986, jury trial, to determine liability, the jurors were instructed to answer three (3) questions on a special verdict form:

Question No. 1. Was Larry Lee careless?

Question No. 2. Was the vehicle collision of August 26, 1985, the result of the fault or carelessness of both Larry Lee and Allan Begay?

Question No. 3. Were the injuries or damages to the plaintiffs, or any of the plaintiffs, the result of the carelessness or conduct of Larry Lee? (See special verdict form).

In response to Question 1, the jury found that Larry Lee was not careless. In response to Question 2, the jury found that the vehicle accident of August 26, 1985, was the result of the fault or carelessness of both Larry Lee and Allan Begay.

In response to Question 3, the jury found the injuries and damages sustained by the plaintiffs were not the results of the carelessness of Larry Lee.

Following dismissal of the jury, plaintiffs moved for entry of judgment in their favor notwithstanding the verdict, or a new trial. Both parties have submitted briefs to the motion. The manner in which the jurors answered the special verdict raises this issue:

## ISSUE: WHETHER THE PLAINTIFFS ARE ENTITLED TO JUDGMENT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL, WHERE THE JURY FINDS DEFENDANTS NOT CARELESS, DESPITE HIS ADMISSION OF LIABILITY FOR THE AUTOMOBILE ACCIDENT?

*A Motion For New Trial*

Defendants argued that plaintiffs never motioned for a new trial after the jury announced its verdict. Even if they did, defendants further contend that a provision for a new trial does not exist in the Navajo Courts. This is true, but this Court has an inherent power to grant a new trial.

The general rule at common-law has been that granting of motions for new trials is a right, "inherent in all Courts of general common-law jurisdiction." 58 AM. JUR.2d, *New Trial*, Sec. 3, pg. 184. The right to grant a new trial, under appropriate circumstances, is discretionary with the courts, unless it is otherwise specified by statute. *Id.* sec. 199.

The Navajo Court of Appeals has recognized this inherent power. In the case of *Battese v. Battese*, 3 Nav. R. 110 at 111 (1982), the Court stated, in *dicta*:

In a trial before a jury, the granting of a new trial would require a careful analysis of the evidence *in order to decide whether the jury was confused.*

The issue in *Battese* was the granting of a new trial in a jury trial, but the passage of *dicta* is illustrative in showing that the Navajo Nation Supreme Court will view trial courts as having the power to grant new trials under appropriate circumstances. The dicta clearly shows that the basis for a new

trial in a jury case is one where the court determines that the jury was confused. On the issue of new trials, it is also important to note that the Navajo Rules of Civil Appellate Procedure provide for an extension of time, under Rule 8(b)(4), where there has been an order denying a motion for a new trial. Thus, it seems clear that the Navajo Nation Supreme Court recognize motions for new trial.

One of the accepted basis for the granting of a motion for a new trial is where a jury enters into a special verdict (as was done in this case) which appears to be confused. The encyclopedia notes:

a verdict rendered may be set aside by the trial court if in the judgment of the trial court the verdict is contrary to law on the issues presented.

58 AM Jur 2d, *New Trial*, Sec. 134, pg. 340. The encyclopedia further notes that:

A new trial should be granted where the special findings of the jury are inconsistent with one another; some showing the right to a verdict and others showing the contrary.

58 Am Jur 2d, *New Trial*, Sec. 146

In this case, the problem of inconsistent findings in a special verdict is clearly before the Court. The special verdict finding on question No. 1 is that Larry Lee was not careless. The finding in question 2 of the special verdict is at variance with the original finding in question No. 1. Similarly the finding in question No. 3, as to damages being related to the defendant's carelessness, is inconsistent with the finding in No. 2. The Navajo law of comparative negligence would indicate that if a party is at fault in an accident, the party should bear some percentage of the burden of compensating the injured party. *See Cadman v. Hubbard*, No. CP-CV-100-84 (Crownpoint D. Ct. 1986). Thus a jury finding that Larry Lee could have been at fault, even though he was not careless, is a verdict where the findings apparently are inconsistent. One finding would seem to extend liability to Larry Lee and two other findings would not.

In addition, from reviewing the briefs presented to this Court, defendant Larry Lee, while not admitting at trial to fault, did in fact, make admissions of fault to the investigating police officer, and he pleaded guilty to a traffic citation for carelessness. These items of evidence being properly introduced at trial, would seem to indicate that there was no real contest in the trial as to whether Larry Lee was careless. However, the jury found that he was not, while at the same time finding that he may have been part of the cause of the vehicle collision.

This Court, therefore, concludes that, after careful analysis, the jury was confused in its verdict. *See Battese, supra*. This, in return, would be a finding sufficient to support the order for a new trial.

## Judgment Notwithstanding The Verdict

Rule 17 of the Navajo Rules of Civil Procedure provides for a motion for a Judgment Notwithstanding the Verdict as follows:

"After the announcement, either party in a civil case may make a Motion for Judgment Notwithstanding the Verdict, which may be granted only if there was no evidence to support the verdict, or if reasonable minds could reach only one verdict." Rule 17, *Annotated Rules of Navajo Civil Procedure*, (1978).

In view that the jury did not make any findings as to damages, much less a fixed percentage of fault, Judgment Notwithstanding the Verdict is inappropriate.

A Judgment Notwithstanding the Verdict is inappropriate, because there really is not any judgment to put in the place of what the jury decided. There was also no motion for a directed verdict, on the question of carelessness by the plaintiff, in this case. It would seem that while the facts clearly show that there was some liability on the part of the defendant, this issue is wide open in terms of the degree of that liability. It would be most appropriate to retry the whole case, especially in view of the fact that the percentage of fault and the amount of damages are still issues for trial.

Based upon the foregoing opinion, this Court hereby grants a new trial on the issue of liability and damages in this case.